## B. F. LAMKIN v. E. C. STERLING.

STATUTES—CONSTRUCTION OF STATUTES.—It is the duty of the courts to so construe statutes as to make them effect their evident purpose, and harmonize their various provisions with one another, and where the application of these rules still leaves a question of doubt, the principles of justice must determine the doubt.

LEGISLATURE—CONSTITUTIONAL LAW.—The legislature may change the manner of the payment of territorial warrants—may issue bonds payable at a different time than the original warrant—but they can not by any provision relieve the territory from the obligation to pay. Legislation of that kind would be to "impair the obligation of contracts," and would be simply void.

REPUDIATION.—The territory can no more repudiate and refuse to pay her debts than a private individual.

THIS cause was brought into this court on stipulation, without being first submitted to the court below.

*E. J. Curtis,* for the relator.

*W. A. George,* for the defendant.

McBRIDE, C. J., delivered the opinion of the court, CUMMINS, J., concurring.

This is an application for a mandamus to compel the defendant, Sterling, to pay a certain warrant held by the

plaintiff against the territorial treasurer, and involves the construction of the funding act passed by the legislative assembly, January 12, 1866. That act provides that no warrant drawn before its passage shall be paid by the treasurer, except in the manner provided in the act, which is by their conversion into bonds.

The provision, however, in relation to the debt to be funded or converted into bonds, only includes so much of the territorial debt as had accrued up to the first day of December, A. D. 1865. So that by the literal terms of the law, no warrants can be funded, or redeemed by the bonds of the controller, of date subsequent to December 1, 1865, and none can be paid by the territorial treasurer of date prior to the twelfth day of January, 1866. The question involved in this case is, What is the condition of the warrants drawn between these dates? They can not be redeemed by bonds, and the treasurer is forbidden to pay them—indeed, they appear to be wholly overlooked.

It is the duty of the courts to so construe statutes as to make them effect their evident purpose and harmonize their various provisions with one another, and when the application of these rules still leaves a question of doubt, the principles of justice and reason must determine the doubt.

The object to be effected by the act in question was to provide for the payment of the territorial indebtedness by converting it into interest-bearing bonds, and to prohibit the payment of that indebtedness in any other manner. In proceeding to secure this declared purpose, it, however, only authorizes the redemption of warrants dated prior to December 1, 1865. It would seem, therefore, if we give the act a literal construction, that the legislature intended to forbid only the payment of such warrants as they had ordered to be redeemed by bonds, or that they meant to repudiate entirely the debt which might accrue from the first day of December, 1865, until the passage of the act. Aside from the provision made by this act, all warrants are payable in their regular order, and if in the declaratory part of the law the legislature had manifested a clear intent to change this order, if it failed to carry out the purpose by

providing proper means, the act would fail for want of machinery to give it effect.

In the first place the legislature would have no right to so change the mode of payment as to destroy the debt. They may change the manner of payment, may issue bonds payable at a different time than the original warrant, but they can not by any provision relieve the territory of the obligation to pay. Any legislation of that kind would be to "impair the obligation of contracts," and would be simply void. Hence, when in this act they forbid the treasurer to pay warrants of date prior to its passage, the language must be understood as applying only to such warrants as it is provided shall be redeemed in the manner prescribed, to wit, the issue of bonds. If the broad language of the law is to be applied to the indebtedness not redeemable by bonds, then it is an attempt to repudiate warrants issued up to the twelfth of January, 1866, and after the first day December, 1866, are void for want of authority.

The territory can no more repudiate and refuse to pay her debts than a private individual. If she intended to redeem all her outstanding indebtedness up to the date of the approval of the act of the twelfth of January, 1866, she failed to provide for doing so by bonding any of a later date than the first of December, 1865, and the subsequent indebtedness is in precisely the same condition as if the funding act had never passed. The intention was not so consummated as to make it effective for the purpose.

We are of opinion, therefore, upon review of this case, that the debt of the territory existing prior to the first day of December, 1865, was by this act provided to be paid by the issue of bonds; that subsequent indebtedness is untouched by the act, and that the warrants drawn should be paid in their order. The facts shown in this case entitle the complainant to the mandamus prayed for, and the writ will issue accordingly.

KELLY, J., did not sit at the hearing of this case, being the owner of a warrant of a similar character.